## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| OLANREWAJU A. IDEWU, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KEVIN J. SEALEY and SHERYL SEALEY, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2011-038 |

**Attorney:**
**Scot F. McChain,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Olanrewaju Idewu's Motion For Default Judgment, which was filed on July 28, 2011, (Dkt. No. 9), and his "Notice of Compliance With Court Order," which was filed on February 15, 2012. (Dkt. No. 12). For the reasons that follow, the Court finds that Plaintiff has not complied with the Court's January 4, 2012 Order, and has also failed to satisfy the prerequisites for a Default Judgment. Accordingly, the Court will provide additional time for Plaintiff to demonstrate compliance with the Court's January 4, 2012 Order and will deny Plaintiff's Motion For Default Judgment without prejudice.

### I.   BACKGROUND

On or about April 28, 2010, Plaintiff Olanrewaju Idewu and Defendants Kevin and Sheryl Sealey entered into a Mediation Agreement in connection with Civil Case No SX-08-CV-57, which was then pending in Virgin Islands Superior Court. (Mediation Agreement, Dkt. No.

10-5). In the Mediation Agreement, Defendants agreed to pay Plaintiff $78,000 and to enter into a Second Priority Mortgage as security for that debt. *Id*. On May 12, 2010, Plaintiff and Defendants entered into a Second Priority Mortgage to secure the payment of the $78,000 owed under the Mediation Agreement over the real property described as:

> Plot No. 167 (0.5610 U.S. acre, more or less) of Estate Enfield Green, Prince Quarter, St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. 4547, dated January 10, 1989, revised August 13, 1990.

(Second Priority Mortgage, Dkt. No. 10-4). The Second Priority Mortgage provides that if Defendants fail to make timely payments due under the Mediation Agreement, the entire amount, plus interest and penalties, would become immediately due, and Plaintiff may then foreclose on the mortgaged property to satisfy that indebtedness. *Id*.

On April 12, 2011, Plaintiff filed a Complaint against the Defendants, seeking a judgment of debt and foreclosure on the Mediation Agreement and Second Priority Mortgage. (Dkt. No. 1). In the Complaint, Plaintiff alleges that "Defendants have failed to make all payments that are due and owing as of the date of this Complaint." *Id*. at ¶ 7. To date, Defendants have not answered the Complaint. On June 29, 2011, the Clerk of the Court entered default against the Defendants. (Dkt. No. 8).

On July 28, 2011, Plaintiff filed this Motion for Default Judgment. The Motion seeks, among other things, a judgment of debt and foreclosure against the Defendants; an order directing that the property secured by the Second Priority Mortgage be sold at a Marshal's sale and the proceeds applied to the amount due to Plaintiff; and a declaration that Plaintiff's interest is second only to the First Priority Mortgage. (Dkt. No. 9).

On January 4, 2012, the Court issued an Order pursuant to 28 V.I.C. § 532,[1] which required the Plaintiff to "serve a copy of the Complaint, Plaintiff's Motion for Default Judgment, and a copy of [the January 4, 2012] Order on the First Priority Mortgage holder," so that the First Priority Mortgage holder could have an opportunity to intervene in this matter, if it so elected. (Dkt. No. 11). That Order provided that the First Priority Mortgage holder shall have twenty-one days from the date of service of the Order in which to file a Motion to Intervene. *Id*.

On February 15, 2012, Plaintiff filed a "Notice of Compliance With Court Order," stating that it had served the First Priority Mortgage holder—First Bank—on January 10, 2012. (Dkt. No. 12). The notice included an affidavit from a process server, who states that he served "Ms. Stanley for Daryl Brow" on January 10, 2012. (Dkt. No. 12-1). Notably, the affidavit does not explain who Daryl Brow and Ms. Stanley are, or their relationship to First Bank. To date, First Bank has not moved to intervene.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Service on a Corporation

Federal Rule of Civil Procedure 4(h)(2) provides that service may be made on a corporation by delivering the summons and complaint to "an officer, a managing or general

---

[1] Section 532 of Title 28 of the Virgin Islands Code provides:

> Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action. Any person having a prior lien may be made defendant at the option of the plaintiff, *or by the order of the court when deemed necessary*. (emphasis added).

agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P 4(h). To demonstrate compliance with this rule, the party effectuating service is responsible for showing that the person served is either the authorized agent for service of process or someone such that there is a "a high probability that the papers will reach those persons in the organization responsible for protecting the firm's interest in the litigation." *Brunn v. Xtra Superfood Centers, Inc.*, 2001 WL 180136, at *2 (D.V.I. Jan. 4, 2001); *see Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, 2011 WL 6130416, at *4 (D.N.J. Sep. 7, 2011) ("Plaintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process."); *see also Carson v. Skandia Ins. Co.*, 19 V.I. 138, 144 (D.V.I. 1982), 1982 U.S. Dist. LEXIS 18371, at * 7 (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1074 at 295 (1969)).

### B.  Default Judgment

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and documents, of: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an

incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act." *Int'l Union of Painters and Allied Trades Dist. Council 711 Health and Welfare, Vacation and Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at 1 (D.N.J. Jan. 3, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009); *Turk v. Invacare Corp.*, 2010 WL 4740196, at *3 (W.D. Pa. Nov. 16, 2010). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III.   ANALYSIS

#### A.  Service on First Bank

The Court's January 4, 2012 Order required that Plaintiff "serve" the First Priority Mortgage holder (First Bank) with a copy of the Complaint, Motion for Default Judgment, and the January 4, 2012 Order.  Plaintiff filed a notice stating that it effectuated service by "personally delivering" the documents to "Ms. Stanley for Daryl Brow," on January 10, 2012. (Dkt. No. 12-1).  However, Plaintiff provides no indication of who Ms. Stanley and Daryl Brow are, or their relationship to First Bank.  Without record evidence from Plaintiff regarding the identity of the individual served, which should be obtained through a proper return of service, the Court is left—improperly—to speculate on this issue.  *Lee v. Genuardi's Family Mkts., L.P.*, 2010 WL 2869454, at *3 (D.N.J. June 19, 2010) ("Courts have consistently held that mere

acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to [accept service].") (citation omitted).  As such, Plaintiff has not demonstrated that he properly served First Bank. *Brunn*, 2001 WL 180136, at *2; *see also Melton v. Wiley*, 262 Fed. Appx. 921, 923 (11th Cir. 2008) (unpublished) (service improper where "[p]laintiff failed to show [that the person actually served] was the duly authorized agent to accept service on behalf of Defendant Wiley").

Plaintiff has failed to demonstrate that he properly served First Bank with the Complaint, Motion for Default Judgment, and the Court's January 4, 2012 Order in accordance with the Court's January 4, 2012 Order.  The Court will allow  Plaintiff fourteen days from the date of this Order, up to and including April 2, 2012, to demonstrate that he properly served First Bank in accordance with the January 4, 2012 Order.

### B.  Default Judgment

Aside from the failure to properly serve First Bank, as discussed above, Plaintiff must satisfy the requirements necessary to obtain a default judgment.  In that regard, Plaintiff has properly shown that: 1) default was entered against Defendants by the Clerk of the Court (Dkt. No. 8); 2) Defendants have not appeared; 3) Defendants were validly served (Dkt. Nos. 10-2); and 4) the amount of damages and how they were calculated (Dkt. Nos. 10-4 through 10-6). However, Plaintiff has failed to demonstrate, by affidavit or otherwise, that Defendants are not minors, incompetent, or in the military in accordance with Federal Rule of Civil Procedure 55(b) and the Soldiers' and Sailors' Civil Relief Act.  *Island Yacht Charters,* 2009 WL 1507406, at *1 (denying motion for default judgment because plaintiffs "have not provided competent evidence that [defendant] is not an infant or an incompetent person. Nor have they shown that she is not in

the military. Those deficiencies are fatal.") (citing cases).  These deficiencies are grounds to deny Plaintiff's Motion for Default Judgment without prejudice.  Plaintiff may address these deficiencies and resubmit its Motion for Default Judgment.

## IV.    CONCLUSION

Plaintiff has not demonstrated that it properly served First Bank in accordance with this Court's January 4, 2012 Order. The Court will allow Plaintiff an additional fourteen days to demonstrate that it properly served First Bank.  Further, Plaintiff has not demonstrated that Defendants are not minors, incompetent, or in the military.  For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff shall have up to and including **April 2, 2012**, to demonstrate to the Court that First Bank was properly served in accordance with the Court's January 4, 2012 Order; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

Date: March 19, 2012                                              _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              District Judge