**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **OLANREWAJU A. IDEWU,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 2011-038** |
| **KEVIN J. SEALEY and SHERYL SEALEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Anthony R. Kiture, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants*

<u>**MEMORANDUM OPINION**</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the unopposed Motion for Summary Judgment filed by Plaintiff Olanrewaju Idewu ("Plaintiff" or "Idewu") against Defendants Kevin J. Sealey and Sheryl Sealey ("Defendants" or the "Sealys"). (Dkt. No. 32). For the reasons that follow, the Court will grant Plaintiff's Motion.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On April 28, 2010, Plaintiff and Defendant Kevin Sealey entered into a Mediation Agreement in connection with Civil Case No SX-08-CV-57, which was then pending in the Superior Court of the Virgin Islands. (Mediation Agreement, Dkt. No. 10-5). In the Mediation Agreement, Kevin Sealey agreed to pay Plaintiff $78,000.00 pursuant to a repayment schedule set forth therein. The Mediation Agreement also provided that, within two days of signing the

Agreement, Defendant Kevin Sealey and his wife would execute a Second Priority Mortgage as security for that debt. *Id*. On May 12, 2010, Plaintiff and Defendants entered into a Second Priority Mortgage over the real property (the "Property") described as:

> Plot No. 167 (0.5610 U.S. acre, more or less) of Estate Enfield Green, Prince Quarter, St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. 4547, dated January 10, 1989, revised August 13, 1990.

(Second Priority Mortgage, Dkt. No. 10-4). The Second Priority Mortgage provides that if Defendants fail to make timely payments due under the Mediation Agreement, the entire amount, plus interest and penalties, would become immediately due, and that Plaintiff may foreclose on the mortgaged property to satisfy that indebtedness. *Id*.

On April 12, 2011, Plaintiff filed a Complaint in this Court against the Defendants, seeking a judgment of debt and foreclosure on the Mediation Agreement and Second Priority Mortgage. (Dkt. No. 1). In the Complaint, Plaintiff alleges that "Defendants have failed to make all payments that are due and owing as of the date of this Complaint." *Id*. at ¶ 7. Because they did not answer the Complaint, the Clerk of the Court entered default against the Defendants on June 29, 2011. (Dkt. No. 8).

On July 28, 2011, Plaintiff filed a Motion for Default Judgment. The Motion sought, among other things, a judgment of debt and foreclosure against the Defendants; an order directing that the property secured by the Second Priority Mortgage be sold at a Marshal's sale and the proceeds applied to the amount due to Plaintiff; and a declaration that Plaintiff's interest was second only to the First Priority Mortgage.  (Dkt. No. 9).

On January 4, 2012, the Court issued an Order pursuant to 28 V.I.C. § 532,[1] which required Plaintiff to "serve a copy of the Complaint, Plaintiff's Motion for Default Judgment,

---

[1]      Section 532 of Title 28 of the Virgin Islands Code provides:

and a copy of [the January 4, 2012] Order on the First Priority Mortgage holder," so that the First Priority Mortgage holder could have an opportunity to intervene in this matter, if it so elected. (Dkt. No. 11). That Order provided that the First Priority Mortgage holder would have twenty-one days from the date of service of the Order in which to file a Motion to Intervene. *Id.*

On February 15, 2012, Plaintiff filed a "Notice of Compliance With Court Order," stating that he had served the First Priority Mortgage holder—"First Bank"—on January 10, 2012. (Dkt. No. 12). The notice included an affidavit from a process server who stated that he served "Ms. Stanley for Daryl Brow" on January 10, 2012. (Dkt. No. 12-1). The affidavit did not explain who Daryl Brow or Ms. Stanley were, or their relationship to First Bank. On March 19, 2012, the Court issued a Memorandum Opinion and Order denying Plaintiff's Motion for Default Judgment without prejudice. (Dkt. No. 13). The Court found that Plaintiff: (1) had not complied with the January 4, 2012 Order because the service on First Bank did not identify the individual served; and (2) failed to satisfy the prerequisites for default judgment because Plaintiff did not demonstrate that Defendants were not minors, incompetent, or in the military. *Id.* The Court allowed Plaintiff an additional fourteen days to demonstrate that it had properly served First Bank. *Id.*

On April 2, 2012, Plaintiff filed a "Notice of Partial Compliance" with the March 19, 2012 Order. (Dkt. No. 14). Plaintiff attached an affidavit of service attesting that it had hand-delivered the documents (Complaint, Motion for Default Judgment, and Court Order of January

---

Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action. Any person having a prior lien may be made defendant at the option of the plaintiff, *or by the order of the court when deemed necessary.*  (emphasis added).

4, 2012) to Daryl Brow, Vice President of First Bank, and a receipt signed by Mr. Brow that he had received those documents. (Dkt. Nos. 14-1, 14-2). Plaintiff also attached an affidavit from First Bank's counsel, Samuel T. Grey, Esq., acknowledging service of those documents. Mr. Grey stated that he contacted First Bank and was informed that Defendants were current with their obligations to the bank. He further stated that since First Bank's mortgage had priority over Plaintiff's lien, First Bank "opted not to incur the expense of intervening in this action." (Dkt. No. 14-3). In addition, Plaintiff provided an Affidavit from his counsel, Scot F. McChain, Esq., who stated that he had known Kevin Sealey and Sheryl Sealey for many years, and that they were neither infants nor incompetent. (Dkt. No. 14-4). On April 12, 2012, Plaintiff filed a Notice of Compliance with the January 2012 Court Order confirming that the Defendants were not members of the military service. (Dkt. No. 15).

In May 2012, counsel for Defendants filed a Notice of Appearance and a Motion to Set Aside the Entry of Default. (Dkt. No. 17). The Court granted the motion on June 1, 2012, and required Defendants to file an Answer on or before June 15, 2012. (Dkt. No. 18). On June 20, 2012, Plaintiff again moved for entry of default against Defendants because they failed to file their Answer by the June 15, 2012 deadline. (Dkt. No. 19). The Court ordered Defendants to show cause at a July 11, 2012 hearing why they should not be held in contempt for their failure to comply with the June 1, 2012 Order. (Dkt. No. 20).

On July 9, 2012, Defendants filed a "Notice of Automatic Stay," informing the Court that they filed a voluntary bankruptcy petition on June 20, 2012 and therefore the proceedings in this Court were automatically stayed. (Dkt. No. 23). On the same day, they also filed a motion to stay the July 11, 2012 show cause hearing. (Dkt. No. 24). On July 11, 2012, Plaintiff's counsel filed a

"Declaration in Support of Contempt Sanction," setting forth the time he had spent in preparing for the show cause hearing, and the amount he billed his client. (Dkt. No. 25).

The show cause hearing proceeded as scheduled on July 11, 2012. The Magistrate Judge of this Court entered an Order following the hearing in which he found Defendants in contempt of Court for failing to comply with the June 1, 2012 Order requiring them to file an Answer before June 15, 2012. (Dkt. No. 26). As a sanction, the Magistrate Judge ordered Defendants to pay Plaintiff's costs and attorney's fees associated with the filing of the Motion for Entry of Default. *Id.* Defendants were ordered to file an Answer to Plaintiff's Complaint before July 18, 2012 but, because of Defendants' bankruptcy filing, the Magistrate Judge otherwise ordered the matter stayed, pursuant to 11 U.S.C. § 362. *Id.* Finally, Defendants' Motion to Stay the Show Cause Hearing was denied as moot. *Id.* Defendants filed their Answer on July 16, 2012 (Dkt. No. 28) and a Notice of Compliance with the Court Order on July 18, 2012. (Dkt. No. 29).

On October 3, 2012, Plaintiff filed a Notice that the Bankruptcy Court had granted his Motion for Relief from Automatic Stay, and requested that the stay then in effect be lifted. (Dkt. Nos. 30, 30-1). The Court lifted the stay on October 5, 2012 (Dkt. No. 31), and Plaintiff filed the instant Motion for Summary Judgment on October 9, 2012. (Dkt. No. 32). Defendants did not file an Opposition to that Motion. On November 21, 2013, the Court Ordered Plaintiff to file appropriate documentation supporting his Motion for Summary Judgment (a separate Statement of Undisputed Facts and a proposed Judgment and Order). (Dkt. No. 33). On November 27, 2013, Plaintiff complied with the November 21, 2013 Order. (Dkt. No. 34).

In his Motion for Summary Judgment, Plaintiff argues that the uncontroverted facts in this case show that: (1) Plaintiff and Defendants entered into an agreement to settle a $78,000.00 debt; (2) to secure their obligations to Plaintiff, Defendants executed a second priority mortgage

5

encumbering the Property; (3) no payments have been made to Plaintiff under the Mediation Agreement and Defendants are in default under the terms and conditions of the Mortgage; (4) Defendants were served with a notice of default and demand for payment on October 1, 2010; (5) Defendants filed for bankruptcy protection in June 2012 and this proceeding was stayed; (6) in September 2012, the Bankruptcy Court issued an "Order for Relief from Automatic Stay" allowing this case to move forward; (7) Defendants have failed to cure their default and, consequently, Plaintiff has accelerated the indebtedness due; (8) under the terms of the Mortgage, if the mortgagors default, the principal then unpaid shall become immediately due and a penalty of $3,148.73 is also due; and (9) under the terms of the Mortgage, Defendants are obliged to pay all reasonable costs and expenses incurred by Plaintiff in bringing this action, including reasonable attorney's fees. (Dkt. No. 32 at 1-3). Plaintiff asserts that Defendants are in arrears in the amount of $77,999.92 in principal plus $3,184.73 in penalties, for a total of $81,184.65. *Id.* at 5.[2]

## II.  APPLICABLE LEGAL PRINCIPLES

### A.  Summary Judgment

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a).  "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable

---

[2] It is unclear why Plaintiff has indicated in its Motion for Summary Judgment that $77,999.92 (eight cents less than the principal amount of $78,000.00) is due, given his assertion that Defendants have not made any payments on the principal.

6

factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party failed to prove that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

Notwithstanding that Defendants failed to respond to Plaintiff's Motion for Summary Judgment, the Court may not simply grant Plaintiff's Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"); *cf.* LRCi 56.1(d) ("Failure to respond to a movant's

statement of material facts . . . as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.").

To succeed on a debt and foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; and (2) the debtor is in default under the terms of the note and mortgage. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)). Once these two elements have been established, all that remains is for the mortgage holder to demonstrate that it is authorized to foreclose on the property mortgaged as security for the note. *Id.* (citing Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance in terms of contract)).

## III.   ANALYSIS

### A.  Service on First Bank

The Court finds that Plaintiff has properly served First Bank, the holder of the First Priority Mortgage on the Property, with a copy of the Complaint, Motion for Default Judgment, and the Court's January 4, 2012 Order. According to the Affidavit submitted by the Bank's counsel, the Bank has opted not to appear in this action. (Dkt. No. 14-3). It is uncontested that First Bank holds a First Priority Mortgage on the Property. Thus, the purchaser of the Property foreclosed by the second priority lienholder will take the Property subject to the first mortgage. Margaret C. Jasper, *Legal Almanac: Home Mortgage Law Primer* § 8:10. Priority of Liens (Updated October 2012).

### B. Summary Judgment

Plaintiff has demonstrated that no issue of material fact exists and that it is entitled to judgment as a matter of law on its debt claim against Kevin J. Sealey and its foreclosure claim against Kevin and Sheryl Sealey. *Ridgewood Bd. of Educ.*, 172 F.3d at 252. Flagstar has shown that: (1) Kevin Sealey executed the Mediation Agreement (*see* Dkt. No. 1, Ex. B), and both Kevin and Sheryl Sealey executed the Second Priority Mortgage (*see* Dkt. No. 1, Ex. A); (2) Kevin Sealey is in default under the terms of the Agreement, and both Kevin and Sheryl Sealey are in default under the terms of the Mortgage (*see* Dkt. No. 10-6); and (3) Plaintiff is authorized to foreclose on the Property mortgaged as security for the Agreement. (*See, e.g.*, Dkt. No. 1, Ex. A, ¶ 17). Accordingly, Plaintiff has satisfied the requirements for debt and foreclosure under Virgin Islands law. The Court will therefore grant summary judgment in favor of Plaintiff on his debt claim against Defendant Kevin Sealey and his foreclosure claim against Defendants Kevin and Sheryl Sealey.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff has shown that he is entitled to summary judgment on his debt claim against Defendant Kevin Sealey and his foreclosure claim against Defendants Kevin and Sheryl Sealey. Accordingly, Plaintiff's Motion for Summary Judgment will be granted. (Dkt. No. 32).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 29, 2014                              _____/s/_____
                                                WILMA A. LEWIS
                                                Chief Judge

9